UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS ALEXIS ECHEVERRIA BRIVIEZCA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 2:26-cv-02475-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. ORDER

On July 14, 2026, Petitioner, a citizen of Mexico, filed a petition for a writ of habeas corpus arguing that Immigration and Customs Enforcement ("ICE") agents violated his due process rights when they arrested him on June 9, 2026. Dkt. 1 ¶ 1–2. Petitioner is deaf and has difficulty speaking. *Id*. ¶¶ 3–4. He has lived in the United States for approximately seven years, has no criminal history, and when he entered the country, he was not apprehended at or near the border. *Id*. ¶¶ 3–7. Petitioner intends to seek relief from removal. *Id*. ¶ 8. He requests that the Court either order his immediate release or a bond hearing to be conducted by an Immigration Judge ("IJ") with reasonable accommodations for his disability within seven days. *Id*. ¶ 15.

On July 29, Respondents filed their response in which they observe that although he "does not explicitly claim to be a *Rodriguez Vazquez* Bond Denial Class member, Petitioner

meets the definition of a Bond Denial Class member and therefore should receive relief consistent with other class members." Dkt. 4 at 2. Respondents filed their response one day before the Ninth Circuit affirmed this Court's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Respondents concede that as a class member, Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. Dkt. 4 at 2. They also concede that Petitioner suffers from "deafness, speech impairment, and is unable to read or write." *Id*. at 4.

At his initial hearing on June 23 before an Immigration Judge ("IJ"), Respondents provided Petitioner with a headset to amplify sound, but "when asked whether he understood his rights as explained, Petitioner replied, 'No.'" *Id*. at 5; Dkt. 5 ¶ 11. At a subsequent hearing, Petitioner stated that he had hired a lawyer but the IJ noted that nobody had entered an appearance on his behalf. *Id*. ¶ 12. The IJ requested Respondents to file medical documents with the Immigration Court but apparently did not impose a deadline for this submission and the record does not indicate that they have done so. Dkt. 4 at 5–6; Dkt. 5 ¶ 12.

On August 3, Petitioner filed a traverse that acknowledges Petitioner is a member of the *Rodriguez Vazquez* class but disputes Respondents' characterization of this case as one based solely on statutory interpretation. Dkt. 7 at 8–9. Petitioner requests that the Court either order Respondents to release Petitioner or order them to provide him with "an individualized custody hearing . . . conducted with communication accommodations . . . . sufficient to permit his meaningful participation." *Id*. at 18. Respondents argue that immediate release is not the proper remedy but acknowledge that "[i]t remains entirely possible that Petitioner's disability will entitle him to additional protections . . . and accommodations" at a future bond hearing under *Franco-Gonzalez v. Holder*, No. CV 10-2211, 2013 WL 8115423, at *1-2 (C.D. Cal. April 23, 2013). Dkt. 4 at 7 n.3. On September 1, this matter was reassigned to the Court and it is ready for review. Dkt. 8.

The Court agrees that the Petitioner is a Bond Denial Class member under *Rodriguez Vazquez*. The Court also agrees that immediate release is not the appropriate remedy. Under Section 1226(a), Petitioner is entitled to a bond redetermination hearing, not release. Petitioner does not support his request for immediate release with sufficient legal authority; the procedural due process cases he cites from this district concern re-detention after the government has released a noncitizen on bond or an order of supervision, not initial detentions.

But the record demonstrates that Petitioner needs accommodations and both parties agree that some assistance is necessary for Petitioner to be able to meaningfully participate in future hearings. The law requires noting less. *See Franco-Gonzalez v. Holder*, No. CV 10–0221-DMG, 2013 WL 3674492, at *3 (C.D. Cal. April 23, 2013) (holding that noncitizen habeas petitioners "are entitled to a reasonable accommodation under Section 504 of the Rehabilitation Act"). Respondents must provide Petitioner with reasonable accommodations at his bond hearing that allow him to understand and meaningfully participate in those proceedings. If Respondents do not meet that responsibility, Petitioner may return to this Court to seek injunctive relief or release. *See, e.g., Lara v. Hernandez*, C26-0747-TSZ, 2026 WL 1758643, at *3 (W.D. Wash. June 18, 2026) (releasing a noncitizen habeas petitioner where Court found an IJ's "decision to require petitioner to proceed pro se at the bond hearing, *without having engaged in an adequate analysis concerning petitioner's competence*, as displaying a disregard for petitioner's *Franco-Gonzalez* and due process rights.") (emphasis added).

Accordingly, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of this Order, Respondents must either release Petitioner Jesus Alexis Echeverria Briviezca or provide him a bond hearing under 8 U.S.C. § 1226(a) with reasonable accommodations that enable Petitioner to understand and meaningfully participate in the hearing.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer before filing a petition.

Dated this 4th day of September, 2026.

Tiffany M. Cartwright
United States District Judge